UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                               )
VINCENT F. ZARILLI,            )
                               )
            Plaintiff,         )   Civil Action No. 05-10501-RCL
                               )
      v.                       )
                               )
OFFICE OF THE UNITED STATES    )
SUPREME COURT CLERK, et al.,   )
                               )
            Defendants.        )
_____)
```

MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Plaintiff Vincent Zarilli filed this action under 42 U.S.C. § 1983, naming as defendants the United States, the Office of the United States Supreme Court Clerk, and several employees of the Supreme Court of the United States. Plaintiff's principal allegation appears to be that the defendants erred when they did not docket a motion seeking the recusal of Justice Stephen Breyer before the U.S. Supreme Court ruled on his petition for a writ of certiorari. For the reasons set forth below, the complaint should be dismissed.

I.  STATEMENT OF FACTS

Plaintiff is a Massachusetts resident who was formerly the owner of a business called The Pot Shop.  See Complaint, ¶ 3 and Appendix A3.  In 1984, the United States Court of Appeals for the First Circuit affirmed a lower court's ruling that the The Pot Shop's earlier bankruptcy did not discharge plaintiff's personal liability as guarantor of the business's promissory notes.  Id. at ¶ 5 and Appendix A3.  Justice Stephen Breyer, who was then a judge sitting on the First Circuit, was a member of the panel that ruled on plaintiff's 1984 case.  Id.  Plaintiff appealed that decision to the U.S. Supreme Court; however, certiorari was denied in 1984.  Id.

In 1992, plaintiff filed for personal bankruptcy in the District of Massachusetts.  Id. at ¶ 6.  As part of that bankruptcy case, plaintiff filed adversary proceedings seeking to reopen the issue of whether he could be individually responsible for certain debts incurred by The Pot Shop.  Id. at ¶¶ 6-7. Affirming the lower court's rulings against plaintiff, the First Circuit in June 2001 held that the ruling in 1984 was res judicata and therefore barred his current claims.  Id. at Appendix A4; see also In re Vincent F. Zarrilli, 14 Fed. Appx. 7 (1st Cir. 2001).

Plaintiff then filed a petition for a writ of certiorari with respect to that First Circuit ruling in 2001.  Plaintiff

2

states that a motion to recuse Justice Breyer was included among the papers filed with his petition.  See Complaint, at ¶ 17 and Appendix A15.8.  Plaintiff's certiorari petition was denied in April 2002, and a petition for rehearing was denied in August 2002.  According to plaintiff, he first discovered in March 2003 that the Clerk's Office at the Supreme Court did not separately docket the recusal motion.  Id. at ¶ 21.  In April 2003, Plaintiff sent a letter to defendants Suter, Vasil and Atkins, as well as Justice David Souter, inquiring as to how the recusal motion was addressed.  Id. at ¶ 22 and Appendix A12.  According to plaintiff, he never received a response to those inquiries.  Id. at ¶ 24.

   Plaintiff filed the complaint in this case pursuant to 42 U.S.C. § 1983, alleging that the defendants wrongfully declined to docket his recusal motion, thereby depriving him of his constitutional right of access to the courts.  Id. at ¶ 1.  Plaintiff claims that this error somehow resulted in the denial of his certiorari petitions.  Id. at ¶ 2.  Plaintiff seeks an order from this Court rescinding the Supreme Court's April 2002 ruling and that the petition for certiorari be reinstated.  Id. at ¶ 28.  Plaintiff also asks for a declaration that the defendant clerks wrongfully and unconstitutionally failed to docket his recusal motion.  Id.[1]

---

[1] The complaint appears to sue the defendants Suter, Atkins and

3

II.   ARGUMENT

A.   This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Effort to Compel the Supreme Court To Take Action With Respect To His Prior Case.

The core allegation contained in the complaint is that the Supreme Court improperly denied plaintiff's earlier petition for writ of certiorari.  To this end, Plaintiff requests this Court to issue affirmative orders, including one requiring that all mandates issued by the U.S. Supreme Court be recalled and his certiorari petition be reinstated.  Needless to say, this Court lacks subject matter jurisdiction over any effort to compel official action by the Supreme Court or its employees, regardless of how that challenge may be styled.  See In re Marin, 956 F.2d 339, 340 (D.C. Cir. 1982) (district court lacked jurisdiction over mandamus action seeking to compel Supreme Court Clerk to docket petition for certiorari).  Indeed, as the D.C. Circuit has explained, in similar circumstances, the Supreme Court possess the sole legal authority to determine how cases before it will be resolved, and "neither a district court nor a circuit court of appeals has jurisdiction to interfere with it by mandamus or otherwise."  Id. quoting Panko v. Rodak, 606 F.2d 168, 171 n. 6 (7th Cir. 1979) ("It seems axiomatic that a lower court may not order the judges or officers of a higher court to take action").

---

Vasil only in their official capacities as employees of the Supreme Court.  None of the defendants have been served in an individual capacity under Fed. R. Civ. P. 4(i)(2)(B).

Accordingly, because the only relief sought by the complaint in this case is an affirmative order requiring the Supreme Court and its employees to take action on plaintiff's cert petition, the complaint must be dismissed for lack of subject matter jurisdiction.

B.  The Complaint Fails to State a Claim upon which Relief Can be Granted.

Although this Court need not reach the merits of the complaint because it lacks subject matter jurisdiction, the complaint also fails to state a claim upon which relief can be granted.[2]

First, the Supreme Court has held that a litigant alleging a violation of his constitutional right of access to the courts must establish an actual injury. See, e.g., Lewis v. Casey, 518 U.S. 343, 349 (1997); Monsky v. Moraghan, 127 F.3d 243 (2nd Cir. 1997). More specifically, the defendant's actions must have actually hindered the plaintiff's effort to pursue a legal claim. Lewis v. Casey, 518 U.S. 343, 353 (1996). Here, plaintiff cannot establish such an injury because the recusal of Justice Breyer plainly had no effect upon the disposition of his petition. That is, Supreme Court practice is to grant a writ of

---

[2] Apparently, plaintiff has already attempted to adjudicate the merits of his underlying case to 24 State and/or Federal courts, but to no avail. See Complaint at ¶28.

certiorari when four Justices vote in favor, see Robert L. Stern, et al., Supreme Court Practice (8th ed. 2002), at 296-300. Accordingly, the removal of one of the nine sitting Justices from a particular case does not affect the chance that certiorari will be granted in that case.  In short, the removal of Justice Breyer from plaintiff's case would not have benefitted plaintiff with respect to his certiorari petition.[3]

    Secondly, plaintiff cannot show that he has been deprived of a constitutionally protected right of access to the courts.  In the limited circumstances where the courts have recognized such a right outside of the prison context, they have generally done so only where state officials were alleged to have covered up the evidence necessary to support the filing of a civil action.  See, e.g., Swekel v. City of River Rouge, 119 F.3d 1259, 1262 (6th Cir. 1997); Bell v. City of Milwaukee, 746 F.2d 1205, 1261 (7th Cir. 1984); Ryland v. Shapiro, 708 F.2d 967, 974 (5th Cir. 1983). In these cases, the defendant's conduct allegedly precluded the

---

[3] Moreover, the mere fact that Justice Breyer may have rendered a decision on a matter twenty years before the filing of the certiorari petition at issue would not require his recusal from reviewing said petition. See, e.g., Camacho v. Autoridad de Telefonos de Puerto Rico, 868 F. 2d 482, 490-92 (1st Cir. 1989) (trial judges prior authorization of wiretaps did not require disqualification in subsequent suit brought by targets of wiretaps); United States v. Cowden, 545 F. 2d 257, 266 (1st Cir. 1976) (judicial system could not function if judges were required to withdraw from a case whenever they presided over a related or companion case or in a separate trial in the same case).

plaintiff even from initiating a civil action.  Plaintiff in this case makes no such allegation.  Instead, he challenges merely the Supreme Court's effective denial of a motion to recuse a single Justice.  There is simply no legal support for the notion that such an allegation – which at heart addresses only the resolution of a particular motion in his case – might support a cause of action for deprivation of the constitutional right of access to the courts.

## CONCLUSION

For these reasons, the complaint should be dismissed with prejudice.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By: /s/ Michael Sady
>MICHAEL SADY
>Assistant United States Attorney
>John Joseph Moakley U.S. Courthouse
>Suite 9200
>Boston, MA 02210
>(617) 748-3100

Dated: July 14, 2005