UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
VINCENT F. ZARILLI,           )
                              )
        Plaintiff,            )
                              )  Civil Action no. 05-10501-RCL
v.                            )
                              )
OFFICE OF THE UNITED STATES   )
SUPREME COURT CLERK, ET AL.,  )
                              )
        Defendants.           )
_____)
```

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME

On July 14, 2005, Defendants filed their Motion to Dismiss ("Defendants' Motion") the complaint of Plaintiff Vincent F. Zarilli ("Zarilli"), which seeks an order from this Court demanding that the United States Supreme Court reinstate his writ of certiorari petition.[1] See Complaint, ¶28. No opposition to Defendants' Motion was filed by Zarilli with this Court.

On August 4, 2005, this Court allowed Defendants' Motion and entered judgment in favor of Defendants, thereby dismissing the complaint.  On August 9, 2005, Zarilli filed his Motion for Enlargement of Time to file an opposition to Defendants' Motion, despite the fact that not only had the time expired for filing an opposition, but the case had already been dismissed.

As reflected in Zarilli's complaint, he is no stranger to

---

[1] Zarilli was served a copy of Defendants' Motion on that same date.

1

the judicial system, as he filed over twenty causes of action with respect to this matter alone.  See Complaint, ¶28. Needless to say, although Defendants appreciate that Zarilli is appearing pro se, he is nonetheless required to comply strictly with procedural rules.  See, e.g., McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)("Despite construction leniency afforded pro se litigants, we nevertheless have required them to conform to procedural rules.")

Here, Zarilli not only failed to file timely an opposition to Defendants' Motion, but he also provides no explanation in his present motion for this glaring omission.  In light of the fact that Zarilli's complaint raises no claim of merit and, as importantly, he has failed to follow the procedural requirements in this matter, the Motion for Enlargement of Time should be denied.

                                       Respectfully submitted,
                                       MICHAEL J. SULLIVAN
                                       United States Attorney

                            By:  */s/ Michael Sady*
                                       Michael Sady
                                       Assistant U.S. Attorney
                                       U. S. Attorney's Office
                                       United States Courthouse
                                       1 Courthouse Way, Suite 9200
                                       Boston, MA  02210
Dated: August 12, 2005           Tel: (617)748-3100

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the U.S. mail a copy of same in an envelope bearing sufficient postage for delivery:

>Vincent Zarilli
>Box 101, Hanover Station
>Boston, MA 02113

>*/s/ Michael Sady*
>Michael Sady
>Assistant U.S. Attorney