UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

VINCENT F. ZARILLI,                 )
                                    )
          Plaintiff,                )
                                    ) Civil Action no. 05-10501-RCL
v.                                  )
                                    )
OFFICE OF THE UNITED STATES         )
SUPREME COURT CLERK, ET AL.,        )
                                    )
          Defendants.               )
_____)

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

As articulated in a prior filing, on July 4, 2005, Defendants filed their Motion to Dismiss ("Defendants' Motion") the complaint of Plaintiff Vincent F. Zarilli ("Zarilli"), which seeks an order from this Court demanding that the United States Supreme Court reinstate his writ of certiorari petition.[1] See Complaint, ¶28. No opposition to Defendants' Motion was filed by Zarilli with this Court.

On August 4, 2005, this Court allowed Defendants' Motion and entered judgment in favor of Defendants, thereby dismissing the complaint.  On August 9, 2005, Zarilli filed his Motion for Enlargement of Time to file an opposition to Defendants' Motion, despite the fact that not only had the time expired for filing an opposition, but the case had already been dismissed.  On August

_____

[1]Zarilli was served a copy of Defendants' Motion on that same date.

1

12, 2005, Defendants filed an opposition to Zarilli's extension
motion.

On August 15, 2005, Zarrilli apparently filed with this
Court a Motion for Reconsideration pursuant to Rule 59 of the
Federal Rules of Civil Procedure ("Rule 59 Motion").  In his Rule
59 Motion, Zarilli claims he did not receive notice of judgment
in favor of Defendants until August 12, 2005 because he did not
go to his post office box and retrieve the order of judgment
despite being able to do so by August 1, 2005 according to said
Motion.  See Rule 59 Motion, p. 1.

Under the terms of Rule 59, a party seeking relief
thereunder must file a Motion no later than 10 days after entry
of judgment.  See F.R. Civ. P. 59 (e).  Excluding holidays and
weekends, it appears Zarilli has timely filed his Rule 59 Motion.
Nonetheless, it should be denied.  Regardless of whether Zarilli
should have moved for relief from judgment pursuant to Rule 59 or
Rule 60(b) of the Federal Rules of Civil Procedure,[2] the fact
remains that the underlying relief sought in his complaint,
namely, an order from this Court compelling the United States
Supreme Court to reinstate his request for writ of certiorari, is
barred as a matter of law.  See Defendants' Memorandum of Law in

---

[2]Defendants will not belabor this Court with a discussion of
whether Zarilli's delay in retrieving his mail and his failure to
follow the rules of civil procedure amount to excusable neglect
for purposes of Rule 60 (b).

Support of Motion to Dismiss, p. 4.

Accordingly, where there exists no merits to the underlying claim in the complaint, judgment in favor of Defendants should not be disturbed through Zarilli's Rule 59 Motion.

                                    Respectfully submitted,
                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                              By:   /s/ Michael Sady
                                    Michael Sady
                                    Assistant U.S. Attorney
                                    U. S. Attorney's Office
                                    United States Courthouse
                                    1 Courthouse Way, Suite 9200
                                    Boston, MA  02210
Dated: August 25, 2005              Tel: (617)748-3100


## CERTIFICATE OF SERVICE

I hereby certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the U.S. mail a copy of same in an envelope bearing sufficient postage for delivery:

        Vincent Zarilli
        Box 101, Hanover Station
        Boston, MA 02113


                              /s/ Michael Sady
                              Michael Sady
                              Assistant U.S. Attorney