UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

Vincent F. Zarrilli                    Case No. 05-10501 RCC

v

The Office of the Clerk of the
United States Supreme Court, et al.

### AFFIDAVID OF VINCENT F. ZARRILLI

### OF AUGUST 27, 2005

I, Vincent F. Zarrilli, on oath depose that as follows:

1. I resumed my daily visits to the U.S. Post Office on the 1st or 2nd of August 2005 and every day thereafter except Sunday.

2. There was no mail from the U.S. District Court until Friday, August 12, 2005 which I opened and read in that post office at 4:10 p.m.

3. The above was the first and only notice of the Court's action on the Defendant's Motion to Dismiss.

4. I never received notice of the Court's action of August 4, 2005.

5. On August 9, 2005, when I filed a Motion for an Enlargement of time to file my response to Defendant's Motion to Dismiss, I had no knowledge of the Court's action of August 4, 2005.

Signed under the penalties of perjury,

Vincent F. Zarrilli

August 27, 2005

5. Defendant's assertion that this case should remain dismissed because this Court cannot issue an order compelling the United States Supreme Court to reinstate his certorari petition is now superceded by plaintiff's admission of error and constructive amendment as set forth in no. 1 (this pleading) where the only request plaintiff now makes is for this Court upon reaching final judgment on the merits is to use the word "suggest" and that "mandates" be recalled and "suggest" that the certorari petition be reinstated. Defendant's footnote on page 2 (AP2) has no application in the light of Plaintiff's Affidavit of August 22, 2005 wherein he swears that there was no delay in begetting mail on a daily basis from August 1st or 2nd, 2005 on.

Respectfully submitted,

The Plaintiff, pro se
Vincent F. Zarrilli
Box 101, Hanover Station
Boston, MA 02113
Phone: 617-523-9210
Fax: 617-523-6765

Certificate of Service

I, Vincent F. Zarrilli, certify that I served a true copy of the within by 1st class mail postage paid to Michael Shay, Esq., Office of the U.S. Attorney, Suite 9200, 1 Courthouse Way, Boston, MA 02210, on August 27, 2005. Vincent F. Zarrilli

## PRAYERS

28. WHEREFORE, Vincent Zarrilli respectfully prays this Court to:

1. Enter an Order that all mandates be recalled in U.S. Supreme Court 01-8719 and First Circuit 00-0096 and The Bankruptcy Appellate Panel No. MB99-022 and MB99-044.

2. Enter an Order requesting that Zarrilli's certorari petition be reinstated.

3. Enter an Order declaring that the named Clerks of U.S. Supreme Court wrongfully and unconstitutionally failed to record, or docket Zarrilli's motion to recuse Justice Breyer from considering Zarrilli's petition.

4. Enter such further relief as justice requires so to have Vincent F. Zarrilli have his day in Court and receive a sound principled ruling in the light of the fact that over 33 year-period of time Zarrilli has persevered to beget a sound principled opinion which has seen at least 24 both State and Federal Court Judges fail to issue a principled decision regarding the effect of the confirmation of The Pot Shop stock issuance, that this court recommend to the justices of the United States Supreme Court that it finally hear The Pot Shop case.

## DEMAND FOR JURY TRIAL

23. The Petitioner, Vincent F. Zarrilli, pursuant to rule 38 FRCP requests a trial by jury of all factual issues.

Respectfully submitted,

The Pentitioner pro se
Vincent F. Zarrilli
Box 101, Hanover Station
Boston, MA 02113
Phone 617-523-9210/Fax 617-523-6765

AP 1

AP2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINCENT F. ZARILLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action no. 05-10501-RCL |
| v. ) | |
| ) | |
| OFFICE OF THE UNITED STATES ) | |
| SUPREME COURT CLERK, ET AL., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

As articulated in a prior filing, on July 4, 2005, Defendants filed their Motion to Dismiss ("Defendants' Motion") the complaint of Plaintiff Vincent F. Zarilli ("Zarilli"), which seeks an order from this Court demanding that the United States Supreme Court reinstate his writ of certiorari petition.[1] See Complaint, ¶28. No opposition to Defendants' Motion was filed by Zarilli with this Court.

On August 4, 2005, this Court allowed Defendants' Motion and entered judgment in favor of Defendants, thereby dismissing the complaint. On August 9, 2005, Zarilli filed his Motion for Enlargement of Time to file an opposition to Defendants' Motion, despite the fact that not only had the time expired for filing an opposition, but the case had already been dismissed. On August

---

[1] Zarilli was served a copy of Defendants' Motion on that same date.



12, 2005, Defendants filed an opposition to Zarilli's extension motion.

On August 15, 2005, Zarrilli apparently filed with this Court a Motion for Reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure ("Rule 59 Motion"). In his Rule 59 Motion, Zarilli claims he did not receive notice of judgment in favor of Defendants until August 12, 2005 because he did not go to his post office box and retrieve the order of judgment despite being able to do so by August 1, 2005 according to said Motion. See Rule 59 Motion, p. 1.

Under the terms of Rule 59, a party seeking relief thereunder must file a Motion no later than 10 days after entry of judgment. See F.R. Civ. P. 59 (e). Excluding holidays and weekends, it appears Zarilli has timely filed his Rule 59 Motion. Nonetheless, it should be denied. Regardless of whether Zarilli should have moved for relief from judgment pursuant to Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure,[2] the fact remains that the underlying relief sought in his complaint, namely, an order from this Court compelling the United States Supreme Court to reinstate his request for writ of certiorari, is barred as a matter of law. See Defendants' Memorandum of Law in

---

[2]Defendants will not belabor this Court with a discussion of whether Zarilli's delay in retrieving his mail and his failure to follow the rules of civil procedure amount to excusable neglect for purposes of Rule 60 (b).

2